FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 AUG 28 PM 3:54
CLERK
SO. DIST. GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CR 310-014-6 |
| STACEY HINES | * | |

O R D E R

On September 20, 2011, Defendant Stacey Hines was sentenced upon his plea of guilty to a single count of conspiracy to distribute and possess with intent to distribute controlled substances. Hines was sentenced to serve 152 months followed by five years of supervised release. At present, Hines has filed a renewed motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines.[1]

Amendment 782 to the United States Sentencing Guidelines implemented a two-level offense level reduction to a majority of the offense levels assigned to the drug quantities set forth in Section 2D1.1 of the Guidelines. However, Amendment 782 had no effect on the applicable guideline range in this case because Hines was sentenced as a career offender under Section 4B1.1(b)(2) of the Guidelines.

---

[1] The Court sua sponte considered the effect of Amendment 782 upon Hines' sentence and denied a reduction on June 24, 2015. (Doc. No. 381.)

Through his motion, Hines argues that this Court can no longer deny the two-level reduction in his base offense level in light of the Supreme Court's recent decision in Hughes v. United States, --- U.S. ---, 138 S. Ct. 1765 (2018). In that case, the Supreme Court held that a defendant who is sentenced under a plea agreement authorized by Federal Rule of Criminal Procedure 11(c)(1)(C) may seek a sentence reduction if his sentence was "based on" a guideline range that is subsequently reduced by the Sentencing Commission. A sentence is "based on" a guideline range, for this purpose, if the range was "part of the framework" or a starting point for the district court's sentencing decision. Id. at 1775. "If the Guidelines range was not 'a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement,' . . . then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." Id. at 1776 (quoted source omitted).

Hines' reliance on Hughes is misplaced. First, Hines was not sentenced under a Rule 11(c)(1)(C) plea agreement. Second, the guideline range used by the Court in fashioning Hines' sentence, U.S.S.G. § 4B1.1(b)(2), has not been lowered. Or, stated another way, the guideline ranges that were lowered through Amendment 782 were not part of this Court's analytic framework in determining his sentence. As a result,

2

regardless of the Hughes decision, Hines remains ineligible for a sentence reduction under Amendment 782.

Upon the foregoing, Hines' renewed motion for reduction of sentence (doc. no. 385) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE